# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES — GENERAL

Case No. **CV 00-3812 GAF (AJWx)**                     Date **March 19, 2001**

Title **Ashleigh Brilliant v. HarperCollins Publishing, Inc., et al.**

---

**DOCKET ENTRY**

Priority ✓
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

**PRESENT**

### The Honorable Harry L. Hupp, Judge

| Arlene Chavez | Cynthia L. Mizell |
|---|---|
| Deputy Clerk | Court Recorder |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**

Darla R. Anderson ✓

**ATTORNEYS PRESENT FOR DEFENDANTS:**

Stephen G. Contopulos
Rollin A. Ransom ✓

**PROCEEDINGS:** MOTION FOR SUMMARY JUDGMENT

---

ORDER (also, if applicable, findings and memorandum opinion):

The motion of defendants HarperCollins Publishing, Inc., John Shanahan, and Shanahan Publishers, Inc. (hereafter collectively defendants) for summary judgment is granted. Judgment is signed as filed this date.

This matter was transferred to this court for the hearing of this motion only. Further matters, if any, will be heard by Judge Feess.

Plaintiff Ashley Brilliant has two insurmountable problems in connection with this motion for summary judgment. In the first



ENTERED ON ICMS
MAR 20 2001
CV


CV0 3812-GAF (AJWx)
3/19/01
Page Two

place, plaintiff has not replied to the motion, taken as consent to the granting of the motion (Local Rule 7.9). More fundamentally, plaintiff has admitted away all elements of his case by failure to respond to the request for admissions. As quoted in defendants' book (pg. 270, #2): "War hath no fury like a non-combatant."

Taking the failure to respond to the admissions, Brilliant by his failure to answer has admitted that there is no likelihood of confusion between plaintiff's mark and defendants' use of a somewhat different title, that the title of a single book cannot serve as a trademark, that there has been no actual confusion between plaintiff's mark and defendants' product, that defendants' title is merely descriptive, and various other items that utterly destroy a trademark claim. These requests were submitted last December, were not replied to timely, or at all, and have not been replied to this date, and no motion to set aside the admissions has been made despite notice of admissions and filing of this motion. Under the FRCP, the admissions are made and they have destroyed plaintiff's case. The court need go no further.

After preparation of the above, the court received by fax what purports to be an opposition to the motion at 4 PM on Friday, 3/16. This comes far too late to be considered. In any event, it does not cancel out the admissions.

cc: Hon Gary A. Feess

A:003812GAF.319